**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ALBERTO ALVAREZ-HURTADO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-73747 <br><br> Agency No. A099-577-159 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Luis Alberto Alvarez-Hurtado, a native and citizen of Peru, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition.

The IJ found Alvarez-Hurtado not credible based on discrepancies between his claim for asylum in the United States, and his claim for refugee status in Canada regarding the dates of his arrest, which guerilla group the Peruvian government suspected he was linked to, and whether the government shot his friend in front of him. The IJ also found Alvarez-Hurtado not credible based on the discrepancy between his testimony and documentary evidence concerning his employment with Centromin Peru. In light of these findings, which are supported by the record, and the IJ's reasonable rejection of Alvarez-Hurtado's explanations, *see Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007), substantial evidence supports the agency's adverse credibility determination, *see Shrestha*, 590 F.3d at 1045-48 (adverse credibility determination was reasonable under the Real ID Act's "totality of the circumstances"). In the absence of credible evidence, Alvarez-Hurtado has failed to show eligibility for withholding of removal. *See Shrestha*, 590 F.3d at 1048.

Because Alvarez-Hurtado's CAT claim is based on the same evidence the IJ found not credible, and Alvarez-Hurtado does not point to any other evidence in the record that compels the finding that it is more likely than not he would be tortured if returned to Peru, his CAT claim also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**